NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL GRONDAL, a Washington resident; MILL BAY MEMBERS ASSOCIATION, INC., a Washington non-profit corporation,

Plaintiffs-Appellees,

v.

UNITED STATES OF AMERICA; U.S. DEPARTMENT OF THE INTERIOR; BUREAU OF INDIAN AFFAIRS; CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,

Defendants-Appellees,

v.

WAPATO HERITAGE LLC; GARY REYES,

Defendants-Appellants,

and

FRANCIS ABRAHAM; PAUL G. WAPATO, Jr.; KATHLEEN DICK; DEBORAH BACKWELL; CATHERINE GARRISON; MARY JO GARRISON;

No.    20-35357

D.C. No. 2:09-cv-00018-RMP

MEMORANDUM[*]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ENID T. WIPPEL; LEONARD WAPATO;
ANNIE WAPATO; JUDY ZUNIE;
JEFFREY M. CONDON; VIVIAN
PIERRE; SONIA W. VANWOERKOM;
ARTHUR DICK; HANNAH RAE DICK;
FRANCIS J. REYES; LYNN K. BENSON;
JAMES ABRAHAM; RANDY
MARCELLAY; PAUL G. WAPATO, Jr.;
CATHERINE L. GARRISON; MAUREEN
M. MARCELLAY; LEONARD M.
WAPATO; MIKE MARCELLAY; LINDA
SAINT; STEPHEN WAPATO; MARLENE
MARCELLAY; DWANE DICK; GABE
MARCELLAY; TRAVIS E. DICK;
HANNAH DICK; JACQUELINE L.
WAPATO; DARLENE MARCELLAY-
HYLAND; ENID T. MARCHAND; LYDIA
A. ARNEECHER; GABRIEL
MARCELLAY; MIKE PALMER;
SANDRA COVINGTON,

Defendants.

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted August 9, 2021
Seattle, Washington

Before: BEA, BRESS, and VANDYKE, Circuit Judges.

Appellants Wapato Heritage, LLC and Gary Reyes challenge the district

court's March 26, 2020, interlocutory order finding that the government was not

required, under 25 U.S.C. § 175, to provide or pay for independent counsel for

unrepresented individual allottees of the Moses Allotment 8 ("unrepresented

allottees"). We do not address what demands 25 U.S.C. § 175 does or does not place on the government because we hold that appellants are not entitled to any relief under that statute.

Whether a given statute provides a given plaintiff a cause of action is a "question of statutory interpretation." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014). Here, that statutory analysis reveals that neither Wapato Heritage nor Reyes can bring a claim under § 175 on behalf of the unrepresented allottees.

The text of § 175's text reads: "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." That text discusses whether the United States attorney shall represent *them*, referring back to the "allotted Indians" mentioned earlier in the provision. But Wapato Heritage, LLC, a corporation, does not qualify as an "allotted Indian[]." So Wapato Heritage has no rights whatsoever under § 175 and no ability to seek representation for the unrepresented allottees. And while Reyes was an allotted Indian in the past, he is currently represented by counsel and seeks to vindicate not his own § 175 rights but those of the unrepresented allottees. Nothing in § 175's text or anywhere else suggests that Reyes may use it to enforce the rights of other "allotted Indians" besides himself. *Cf. United States v. Harding*, 864 F.3d 961, 964–65 (8th Cir. 2017) (holding that a "defendant lacks standing to challenge

the district court's decision" on whether to appoint counsel for another witness based on that other witness's Fifth Amendment right against self-incrimination); *United States v. Partin*, 601 F.2d 1000, 1005–06 (9th Cir. 1979) (holding that defendants have no standing to appeal based on the government's interference with a co-defendant's Sixth Amendment right to counsel), *abrogated on other grounds by Wheat v. United States*, 486 U.S. 153 (1988); Fed. R. Civ. P. 17(a)(1) (listing the types of parties who may "sue in their own names without joining the person for whose benefit the action is brought"); *contra, e.g.*, 28 U.S.C. § 2242 (authorizing applications for writs of habeas corpus by "someone acting in . . . behalf" of the "person for whose relief" the writ is intended).

We thus **AFFIRM** the decision below.